MARGARETTA SCHUERMANN, Respondent, v. THE UNION
CENTRAL LIFE INSURANCE COMPANY OF
CINCINNATI, OHIO, Appellant.

St. Louis Court of Appeals, December 27, 1898.

In the case at bar a constitutional question is raised by an instruction
asked and refused—held, that this court has no jurisdiction.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

TRANSFERRED TO SUPREME COURT.

GEO. P. JACKSON for appellant.

A contract procured through fraud is voidable at
the election of the party defrauded. If the other party
asserts a right or attempts a recovery on such contract,
and the injured party desires to defeat such right or
such recovery by reason of the fraud, he must resort to
a suit in equity to set aside the contract, and where
such resort to equity is made in a pending case, it
should be separately and finally disposed of before any
other issues are tried. Och v. Railroad, 130 Mo. 27;
Hancock v. Blackwell, 139 Mo. 440-454. The answer
admitted the plaintiff's cause of action, and sought
affirmative relief from the same, on equitable grounds.
The entire case was thus converted into one in equity,
to be governed by the rules of equity practice. The
equity jurisdiction having once attached, it should be
retained until complete justice is done.

The court therefore erred in denying the defend-
ant's request for a trial in equity, and in trying the
case as an action at law, before a jury, over the objec-
tion of defendant. Hodges v. Black, 8 Mo. App. 389;

s. o., 76 Mo. 537; Schuster v. Schuster, 93 Mo. 443;
Allen v. Logan, 96 Mo. 591; Woodward v. Martin, 106
Mo. 362; Wendover v. Baker, 121 Mo. 273-289; O'Day
v. Conn, 131 Mo. 325; McCollum v. Boughton, 132
Mo. 601, 620, 621.   The court erred in holding that sec-
tion 5849 of Revised Statues 1889 prevented defendant
having the relief sought by its answer, on account of
the policy sued on having been secured by fraudulent
representations and suppression of the truth.   That
statute only modifies the doctrine of "warranties" in
insurance law, and does not destroy the right to invoke
the power of courts of equity to annul contracts of
insurance procured by fraud.   White v. Ins. Co., 4
Dill. 177; Hermany v. Ins. Co., 151 Pa. St. 17; Ins.
Co. v. Bank, 72 Fed. Rep. 418; Mengel v. Ins. Co., 35
Atl. Rep. 197; Zepp v. Grand Lodge, 69 Mo. App. 487-
494.   As construed and applied by the court, section
5849 of Revised Statutes 1889, is violative of section 30
of article 2 of the constitution of Missouri, and of sec-
1 of article 14 of the amendments to the constitution
of the United States, because, as so construed and
applied it deprives the defendant of its property with-
out due process of law and denies the defendant the
equal protection of the laws.   Cooley's Const. Lim.
[4 Ed.] 490 S. P. 391; Barbier v. Connolly, 113 U.
S. 27; Yick Wo. v. Hopkins, 118 U. S. 356; Dent v.
West Va., 129 U. S. 114.

SENECA N. TAYLOR, CHARLES ERD and SENECA C.
TAYLOR for respondent.

Though the defendant is a nonresident corporation,
yet it is amenable to the operation of the statutes of
this state.   Price v. Ins. Co., 48 Mo. App. 231; Fletcher
v. Ins. Co., 13 Fed. Rep. 528; Ins. Co. v. Clemens,
140 U. S. 226.   Sections 5849 and 5850, Revised Stat-
utes 1889, entered into and became a part of this

insurance contract. This statute is constitutional and conclusively binding on the appellant. Thassler v. German Am. Mut. Life Ass'n., 67 Mo. App. 505; Ampleman v. Ins. Co. 35 Mo. App. 314. It is for the state to determine what class of cases shall be tried by jury. What is due process of law in the state is regulated by the law of the state. Walker v. Sauvinet, 92 U. S. 90; Murrey v. Hoboken L. & I. Co., 59 U. S. 376; Dent v. West Virginia, 129 U. S. 114; Ellenbecker v. Plymouth County District Court, 134 U. S. 31. Where rights are created or limitations prescribed by statute, and a procedure pointed out for the enforcement of these, that procedure is exclusive, unless waived by both parties. Sauter v. Leveridge, 103 Mo. 622; Earl v. Hart, 89 Mo. 270; Kitchen v. Railroad, 59 Mo. 515. Aside from the statute giving the respondent a right to trial by jury it could not be said the court erred in the simple fact of calling a jury as was done in the case at bar. The law which applies alike to all persons in the same business, answers all constitutional requirements of uniformity. Express Co. v. St. Joseph, 66 Mo. 675; St. Louis v. Sternberg, 69 Mo. 289, 301; St. Louis v. Spiegel, 75 Mo. 145, 147. Insurance companies make their own conditions, and these should be construed most strongly against them. Burnett v. Ins. Co. 68 Mo. App. 345; Hoffman v. Accident Indemnity Co., 56 Mo. App. 301; Renshaw v. Ins. Co., 103 Mo. 611. Where the construction of a life policy is doubtful, it should be resolved in favor of the assured. Ethington v. Ins. Co., 55 Mo. App. 134; Hale v. Ins. Co., 46 Mo. App, 509; LaForce v. Ins. Co., 43 Mo. App. 519. Statements made by the physician attending the assured, contained in the proofs of death, are privileged and inadmissible to show that false answers were made in the application. Streeter v. Breckenridge, 23 Mo. App. 244; Groll v. Tower, 85

Mo. 249; Gartside v. Ins. Co., 76 Mo. 446; 2 Bacon on Ben. Soc. & Life Ins., 471. The court should not only affirm the judgment in this case, but it should also assess ten per cent damages on the amount of the judgment, for this is just. R. S. 1889, secs. 2303, 2305; Linnekohl v. Winkelmeyer, 54 Mo. App. 574; Milling Co. v. Coquard, 40 Mo. App. 41. In the last case it was held, a demand for an affirmance with damages held warranted on the ground that every proposition urged by the appellant had been determined adversely to him by prior decisions of the supreme court and this court. Osborn v. Oliver, 23 Mo. App. 667. It is a common practice in the federal courts, where a writ of error is sued out for delay, to award the defendant in error ten per cent damages. Halmer v. Arthur, 131 U. S. 60; Railway v. Volk, 151 U. S. 73; Mining Co. v. Star, 141 U. S. 222; Wilson v. Everett, 139 U. S. 616. And the same rule obtains in the highest courts of the State of New York. Warner v. Tessner, 33 N. Y. 296; Mayor v. Carmen, 38 N. Y. 25; Winfield v. Potter, 38 N. Y. 67; Sentems v. LaDeau, 140 N. Y. 463; Deginer v. Underwood, 30 N. Y. Sup. 399.

BOND, J.—This is a suit to recover upon a life insurance policy issued in favor of plaintiff upon the life of her husband for $1,000. The answer alleged that the policy was obtained by false and fraudulent representations, setting them out *in extenso*, and averred that after learning the truth of these matters defendant offered to return to the representative of the policy holder the premium paid upon said policy and tendered the amount of cash paid, and requested the cancellation and return of the contract because of the circumstances aforesaid, which was refused by plaintiff; that it made a similar tender in court, concluding with a prayer for equitable relief by annulling the contract of

insurance. Issue was taken upon the answer. When the case was called for trial plaintiff demanded a jury. Defendant objected to the impaneling of a jury, insisting that by the pleadings the case was converted into a suit in equity, and excepted to a contrary ruling of the court. Upon the production of evidence the court ruled that the evidence to sustain the allegations of the answer was incompetent by reason of section 5849 of the Revised Statutes of Missouri of 1889. At the conclusion of the trial the court gave a direction to find for plaintiff, and refused, among others, the following instruction requested by defendant to wit:

"The court declares the law to be that section 5849 of the Revised Statutes is unconstitutional and void because it deprives the defendant of its property without due process of law, and denies to the defendant equal protection of the law of the land."

It is apparent from the refusal of this instruction that a constitutional question was duly raised and presented on the trial of the cause, and is involved in a decision of the same on appeal. The defendant appealed from a judgment in accordance with the instruction of the court and presents the constitutional question raised by the refusal of its instruction, by its brief and argument in this court.

This court has no jurisdiction to determine that question. State ex rel. Dugan v. K. C. Court of Appeals, 105 Mo. 299; Creve Coeur Ice Co. v. Tamm, 59 Mo. App. 57. The cause will therefore be transferred to the supreme court in accordance with section 3300 of the Revised Statutes of 1889. All concur.